IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL WICKHAM,  )
                                                 ) No. 05-0352-HU
        Plaintiff, )
                                                 )
   v.                                               )
                                                 ) FINDINGS AND RECOMMENDATION
APOLLO, INC. and JOHN DOE, )
                                               )
       Defendants. )
_____)

Todd Peterson
Dirk Doyle
Peterson Law Offices
825 N.E. 20th Avenue, Suite 340
Portland, Oregon 97232
    Attorneys for plaintiff

Jeanne Loftis
DeLyne M. Klein
Bullivant Houser Bailey
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204
    Attorneys for defendant Apollo, Inc.

HUBEL, Magistrate Judge:

    This action was removed from Multnomah County Circuit Court, on the basis of diversity jurisdiction. The complaint alleges that on December 2, 2003, plaintiff Michael Wickham was a passenger in

FINDINGS AND RECOMMENDATION Page 1

a Chevy Camaro driven by Seth Charette, traveling westbound on Highway 730 in Morrow County, Oregon. A backhoe owned by defendant Apollo was parked on the north shoulder of Highway 730 by an Apollo employee, designated as a John Doe. Charette's car left the highway and traveled a short distance along the north shoulder of Highway 730 before colliding with the bucket of the parked backhoe. Plaintiff alleges that he suffered personal injuries as a result. He seeks $1.5 million in economic damages and $3.5 million in non-economic damages.

The complaint asserts two claims: one for negligence, and one for negligence *per se*, based on Apollo and John Doe's violation of 29 C.F.R. § 1926.600(a)(1)[1] by failing to place warning devices near the backhoe.[2]

---

[1] As Apollo, Inc. acknowledges, 29 C.F.R. § 1926.600(a)(1) is a federal OSHA regulation that Oregon has adopted by reference. See OAR 437-003-0001(15)(a). References to "the regulation" refer to both the federal regulation and the Oregon administrative rule, since they are the same.

[2] That regulation provides as follows:

§ 1926.600 Equipment.

    (a) General requirements

        (1) All equipment left unattended at night, adjacent to a highway in normal use, or adjacent to construction areas where work is in progress, shall have appropriate lights or

FINDINGS AND RECOMMENDATION Page 2

Apollo, Inc. moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the second claim for failure to state a claim upon which relief could be granted, asserting that 1) an alleged violation of the regulation cannot form the basis for a statutory negligence claim in Oregon; 2) plaintiff is not an employee of Apollo and therefore not within the class of persons intended to be protected by the regulation; and 3) any provision of the Oregon Safe Employment Act (OSEA), Or. Rev. Stat. 654.001-654.295, 654.750-654.780, and 654.991, the statutory authority for Oregon's adoption of the regulation, that provides for a private right of action by a non-employee is *ultra vires*.

**Standard**

A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004). When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. Id. See also Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325

---

> reflectors, or barricades equipped with
> appropriate lights or reflectors, to identify
> the location of the equipment.

FINDINGS AND RECOMMENDATION Page 3

(1991)(in context of Rule 12(b)(6) motion, all material facts as pleaded in the complaint are assumed to be true).

## Discussion

In Shahtout v. Emco Garbage Co., 298 Or. 598, 600 (1985), the court explained the effect of a governmental regulation in actions for damages, distinguishing between liability for damages based on violation of the rule, and the significance of such a violation in establishing common law liability. A law that is designed to protect some or all persons against a particular risk of harm may expressly or impliedly give persons within the protected class a right to recover damages if noncompliance with the law results in harm of the kind the law seeks to prevent. Id., citing Nearing v. Weaver, 295 Or. 702 (1983). See also Bellikka v. Green, 306 Or. 630, 650 (1988)("This court has recognized that there are instances where the legislature has, in effect, created a tort.") Such claims are referred to as statutory negligence claims, or statutory torts. Bellikka, 306 Or. at 636. Such statutory torts exist "independent of any parallel common-law claim and can be pleaded independently, with or without an accompanying common-law claim." Id. at 650.

Statutory torts are not "negligence *per se.*" Shahtout, 298 Or at 601. The phrase "negligence *per se*" can apply only to cases brought on a theory of liability for negligence rather than liability grounded in obligations created by statute. Id. at 600. Even when a statute neither expressly nor impliedly gives a person injured by its violation any claim for damages, the injured person may have such a claim under existing common law negligence

FINDINGS AND RECOMMENDATION Page 4

theories. The statutory violation may be evidence of the common law negligence. Id.

A plaintiff may assert both statutory and common law theories of liability on the same facts. Id. The court in Shahtout explained:

> In a negligence case, the plaintiff must show that defendant did not meet an applicable standard of due care under the circumstances. When a plaintiff invokes a governmental rule in support of that theory, the question is whether the rule, though it was not itself meant to create a civil claim, nevertheless so fixes the the legal standard of conduct that there is no question of due care left for a factfinder to determine; in other words, that noncompliance with the rule is negligence as a matter of law. This court has long held that violations of statutory safety rules by themselves provide the element of negligence with respect to those risks that the rules are meant to prevent, at least unless the violator shows that his conduct in fact did not violate the rule under the circumstances.

Id. at 601.

Apollo takes the position that although Wickham's second claim for relief is captioned as "negligence *per se*," it is in fact a statutory negligence claim. Wickham has alleged, under his second claim for relief, the negligence *per se* claim, as follows:

> 9. Defendants Apollo and John Doe were negligent per se in one or more of the following ways:
>     a. In violating 29 C.F.R. Section 1926.600(a)(1).

Wickham argues that in this claim, he "relies on 29 C.F.R. § 1926.600(a)(1) to provide the necessary element of wrongfulness to prevail on a common law theory of negligence." Plaintiff's Response, p. 3. However, common law negligence is Wickham's first claim for relief. The second claim for relief, although titled "negligence *per se*," contains allegations consistent with a

FINDINGS AND RECOMMENDATION Page 5

statutory tort.

I now turn to the question of whether Wickham has stated a claim for either negligence *per se* or statutory tort. Claims based on theories of statutory tort or negligence *per se* require both an initial determination that the statute or rule which is the source of the defendant's duty protects a class of persons of which the plaintiff is a member by proscribing or requiring certain conduct and that the harm that the defendant has inflicted is of the type against which the rule is intended to protect. Beeman v. Gebler, 86 Or. App. 190, 193 (1987). To state a claim, plaintiff must show that the statute provides a private right of action under a four part test: 1) defendants violated a statute; 2) plaintiff was injured as a result of that violation; 3) plaintiff was a member of the class of persons meant to be protected by the statute; and 4) plaintiff suffered the type of injury the statute was intended to protect against. McAlpine v. Multnomah County, 131 Or. App. 136, 144 (1994). An additional requirement, when the claim is based on violation of an administrative regulation rather than a statute, is that even when the regulation meets the McAlpine factors, its terms permitting the imposition of private liability must not be *ultra vires*. Ettinger v. Denny Chancler Equipment Co., Inc., 139 Or. App. 103, 107 (1996).

Defendants assert that Wickham cannot state a claim for statutory negligence or negligence *per se* because he cannot satisfy the third McAlpine requirement. Defendants argue that the Oregon administrative rule upon which his claim is based, OAR 437-003-

FINDINGS AND RECOMMENDATION Page 6

0001, like the federal regulation he cites in his complaint, 29 C.F.R. § 1926.600(a)(1),[3] is an occupational safety and health rule intended for the protection of workers.

In Shahtout, 298 Or. at 604, the court held that the OSEA does not extend its coverage to private causes of action by a non-employee against an employer. There, plaintiff alleged that she was injured as a result of defendant's failure to equip its truck with audible reverse signals, as required by OAR 437-56-095, and that the lack of such signals in violation of the rule was negligence *per se.* Defendant responded that OAR 437-56-095 existed exclusively for the protection of defendant's employees, and could not be invoked by the plaintiff.

The Shahtout court agreed, holding that the safety rules promulgated under Or. Rev. Stat. § 654.025 for the protection of employees afforded plaintiff no basis for recovery grounded in the statutory violation. However, the court made it clear that violation of the regulation was relevant to the determination of due care in a common law negligence claim:

> [I]t does not follow that the safety rule is irrelevant to the determination of due care in a case grounded in common law negligence. That confuses the question of the concern giving rise to the adoption of a rule, here the safety of workers, with the question whether the standard imposed by the rule is one peculiar to risks of the workplace or is intended to protect workers against risks

---

[3] The federal regulation was superseded by Oregon's own worker safety law, the Oregon Safe Employment Act (OSEA), in 1975. Or. Rev. Stat. §§ 654.001-654.295, 654.750-654.780, and 654.991. See George v. Myers, 169 Or. App. 472, 483 (2000).

FINDINGS AND RECOMMENDATION Page 7

> that they share with others. If the risk is common to workers and other persons, and the government has determined that the risk calls for a mandatory safeguard, it is difficult to argue that this determination has no relevance when someone suffers the kind of injury that the safeguard was meant to prevent.

Id. at 603.

In <u>Safeco Insurance Co. v. Olstedt Construction, Inc.</u>, 2004 WL 1050877 (D. Or. 2004), Judge Stewart applied the <u>Shahtout</u> decision to hold that plaintiffs, whose property was damaged in a fire caused by storage of a propane tank inside a house under construction, could not assert a claim for negligence *per se* based on violation of OAR 437-003-001, which prohibits the use of propane tanks inside, except under certain circumstances, regulates how closely tanks can be stored to heat sources, and requires storage of containers in an area that is ventilated, because plaintiffs were not employees of the defendant and therefore not among the class of persons the regulation was designed to protect. Judge Stewart held:

> The OSHA regulations in this case, as the rule in <u>Shahtout</u>, were promulgated under ORS 654.025, part of the Oregon Safe Employer Act, and were intended to protect employees from the risks in the workplace. Because the Petersons were not Olstedt's employees, they are not within the class of persons the regulations seek to protect....

Id. at *15.

I disagree with defendants' contention that Wickham, or any other non-employee, is not within the class of persons the regulation was intended to protect. The regulation governs equipment "left unattended at night," adjacent to a "highway in normal use," and requires that such equipment have "appropriate

FINDINGS AND RECOMMENDATION Page 8

lights or reflectors," or barricades equipped with lights or reflectors, "to identify the location of the equipment." It is illogical to interpret this regulation as existing only, or even primarily, for the protection of construction workers, who would not be present when the equipment was "left unattended at night," or that it would not be intended to protect the public, the people making "normal use" of the highway, who would presumably not know the location of the equipment unless it were lighted.

However, I find more persuasive defendants' contention that the agency adopting the regulation had not been granted the authority to establish a cause of action in favor of a person not within the purview of worker safety regulations. To the extent this regulation is logically read to establish such a cause of action, it is *ultra vires*. The Ettinger case is instructive. There, the court held that violation of an administrative regulation promulgated by the Oregon Department of Transportation (ODOT), requiring permits for vehicles with loads exceeding a certain height did not confer a cause of action on a plaintiff who fell from an overpass under construction when defendant's oversize load collided with the overpass.

The court looked to ODOT's enabling statutes, because an agency's powers are limited to those delegated to it by statute. 139 Or. App. at 108, citing University of Oregon Co-Oper. v. Dept. of Revenue, 273 Or. 539, 550 (1975). The court concluded that the ODOT enabling statutes rendered permittees and drivers liable to government entities for damages caused by the movement of oversize

FINDINGS AND RECOMMENDATION Page 9

loads, but that there was

> no suggestion in those statutes, or in any of the statutes pertaining to vehicle limits, that they contemplate private, as opposed to governmental, rights of action for alleged violations of variance permits.

Id. at 110.

In Shahtout, the court held that safety rules promulgated under the OSEA for the protection of employees afforded no basis for recovery to a non-employee. On the basis of Ettinger and Shahtout, I conclude that Wickham cannot state a cause of action based on 29 C.F.R. § 1926.600(a)(1) or OAR 437-003-0001(15)(a) because such a cause of action would be *ultra vires*. A violation of that regulation may be relevant evidence to show common law negligence under plaintiff's first claim.

I recommend that the motion to dismiss Wickham's second claim for relief be granted.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 13, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due July 27, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 28th day of June, 2005.

FINDINGS AND RECOMMENDATION Page 10

/s/ Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 11